1
2

**Craig Morris #011628**
Mailing Address:
31 North 6th Avenue #105-152
Tucson, AZ 85701
TELEPHONE 520.544.9094
FACSIMILE 520.989.6269
MAIL@DCKTRUSTEE.COM

3

Attorney for Dianne Crandell Kerns, Trustee

4
5
6
7

IN THE UNITED STATES BANKRUPTCY COURT

8

FOR THE DISTRICT OF ARIZONA

9
10

In re:

CHAPTER 13 PROCEEDINGS

11

JANICE LYNN DE LA VINA,

Case No. 4:21-bk-02323-BMW

12
13

Debtor.

**TRUSTEE'S PLAN OBJECTION/EVALUATION WITH NOTICE OF POTENTIAL DISMISSAL IF CONDITIONS ARE NOT SATISFIED**

14
15

**RE: 3rd AMENDED PLAN (DKT #67)**

16
17
18

   DIANNE CRANDELL KERNS, Trustee, has analyzed the above-referenced plan and

19

supporting documents on August 24, 2022 and submits the following evaluation and

20

recommendations:

21

**General Requirements:**

22
23

   a.  Due to the possibility of errors on the claims docket, it is the Attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Stipulated Order Confirming Plan to Trustee. Trustee will not recommend confirmation, nor stipulate to confirmation, until the proofs of claim issues are resolved to Trustee's satisfaction.

24
25
26

b. Requests by Trustee for documents and information are not superseded by the filing of an amended or modified plan. LRBP Rule 2084-10(b).

c. Trustee objects to any reduction in the Plan duration or payout in a proposed Stipulated Order Confirming Plan unless an amended or modified plan is filed (using Local Form 2084-4, Chapter 13 Plan) and noticed out.

d. Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. Trustee requires that any Stipulated Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before a discharge can be entered. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums, and must be included in any Stipulated Order Confirming."

f. At the time of confirmation, Debtor is required to certify, via language in the Stipulated Order confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. Sec 1325(a)(8), (9)].

g. Debtor or Debtor's Attorney is required to provide copies of Debtor's federal and state income tax returns for each year for the duration of the Plan to Trustee. Tax returns must be forwarded **within 14 days after the returns have been filed**. All Personally Identifiable Information must be redacted prior to submission. **<u>Tax returns should be uploaded securely via bkdocs.us. Tax returns should not be mailed or emailed directly by the debtor.</u>** This requirement is to be included in the Stipulated Order Confirming the plan. Failure to submit tax returns may result in the dismissal of the Chapter 13 case.

h. If Debtors received a tax refund larger than $1,000.00 for the tax period preceding the filing of this case, the continuation of such deduction would constitute a diversion of income that would otherwise be available to creditors. Accordingly, Trustee requires that Debtors (i) adjust payroll tax deductions to prevent over withholding, (ii) amend Schedule I to reflect the reduced withholding; (ii) submit to Trustee two consecutive paystubs to verify said reduction; and (iv) increase the plan payments in the Stipulated Order Confirming.

i. If Debtors are in default (in any amount) on their first mortgage the plan must propose mortgage conduit payments. If the plan does not propose a mortgage conduit, Trustee objects to confirmation. This may be resolved by amending the plan or seeking an order from the court excusing compliance with the conduit requirement. L.R.B.P. Rule 2084-4(b).

**Specific Requirements:**

1. <u>Tax Refunds</u>. If Debtor receives a tax refund in excess of $1,000.00 during the pendency of this case, said refund must be turned over to Trustee. The proposed stipulated order on confirmation needs to specifically provide that such refund is a SUPPLEMENTAL payment under the plan.

2. <u>The Order Confirming Plan Must Contain the Following Language Related to Treatment of General Unsecured Claims</u>: "General Unsecured Claims. Such claims shall be paid pro rata the balance of payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328(a)."

3. <u>Filed Proofs of Claim</u>. To date Trustee has noted that the following Creditors have filed proofs of claim that differ from the treatment proposed in the Chapter 13 Plan. **Trustee objects to the treatment of these proofs of claim. This objection may be resolved by amending the secured/priority treatment to match the proofs of claim in the Stipulated Order Confirming the Plan or by filing an objection followed by an order**: **NONE**. This objection extends to proofs of claim, if any, filed after the date of this evaluation/objection which seek treatment different from that provided for in the proposed Chapter 13 Plan.

4. <u>Moratorium in Conduit Plan</u>. In the event that the mortgage lender charges late fees or additional interest on payments made on post-petition arrearages, a lump sum payment may be required at the end of the plan in order to cure all post-petition arrearages accrued which were not paid through the plan payments. See paragraph (e) above.

5. <u>Unfiled Proofs of Claim</u>. To date the following creditors listed in the Plan have not filed proofs of claims: **NONE**. Trustee reserves the right to supplement or amend this paragraph.

6. <u>Ongoing Monthly Mortgage Payments</u>. Trustee objects to confirmation, because Debtor is delinquent in the amount of $810.36 for the ongoing monthly mortgage payment to SN Servicing. This objection may be resolved by curing the delinquency in these payments. **Trustee will not stipulate to confirmation unless the post-petition mortgage payments are current.**

7. <u>Plan Summary Section (I)(4)(a)</u>. Trustee objects to confirmation as Debtor's plan summary section (I)(4)(a) states the amount going to Debtor's ongoing mortgage is $50,435.89; however, Trustee shows that an amount of $50,621.20 is the total amount to be paid in ongoing mortgage payments. This objection may be resolved by Debtor's Attorney increasing Debtor's plan funding to include the $50,621.20 in ongoing mortgage payments. **Trustee advises ongoing mortgage payments go for a total of 52 months as Debtor's Attorney has accounted for only 51 months.**

8. <u>Plan Payments</u>.  Debtor has made payments in the total amount of $17,500.00.  Debtor is current on these payments through August 28, 2022 (**Trustee also notes the ongoing monthly mortgage payments are delinquent in the amount of $810.36 through August 2022. Please note that plan provisions can provide a moratorium in plan payments, but it cannot provide a moratorium in post-petition mortgage payments. <u>Trustee will not stipulate to confirmation unless the post-petition mortgage payments are current.</u>**).  Trustee will not stipulate to confirmation unless the plan payments are current.  Plan payment information may be obtained by logging on to <u>www.ndc.org.</u>  In general, the information on this website is 24-hours old.

9. <u>Documents Requested by Trustee</u>.  Any documents that have been requested will need to be provided <u>within 30 days</u>. Such documents should be sent to Trustee with a cover letter outlining and describing the documents to <u>bkdocs.us</u>. **Any documentation submitted must be legible, organized by category and month, totaled and averaged (i.e. "show your work").  If Debtors fail to follow this guideline, Trustee will not consider any information as being received and a Dismissal Order may be lodged for failure to comply. Debtor is also required to submit a written explanation justifying the reasonable NECESSITY of the excessive expenses.**

10. <u>Liquidation Analysis</u>:  At this time Trustee believes that the plan **does** satisfy the liquidation analysis requirements.  Trustee reserves the right to amend this conclusion.

11. <u>Projected Disposable Income</u>:  At this time Trustee believes that the plan **does** satisfy the projected disposable income requirement of Sec 1325(b).  Trustee reserves the right to amend this conclusion.

12. <u>Plan Funding</u>.  Pursuant to Trustee's calculations, the Chapter 13 Plan is feasible; however, at this time as Debtor's ongoing monthly mortgage payment is delinquent in the amount of $810.36 which make the plan not adequately funded.  Trustee reserves the right to file an amended evaluation requiring adjustments to the terms of the plan, including an increase in plan funding, if necessary, in order to address all timely filed proofs of claim once the claims bar date has passed in this case.

13. <u>Objections to Confirmation</u>.  Debtor shall resolve plan objections by submitting a proposed SOC to Trustee or by setting a hearing on the objection <u>within 30 days of this objection/evaluation</u>.  If Debtor wishes to confirm by stipulation, the stipulation of the objecting creditor must be obtained in writing prior to submitting a proposed SOC to Trustee.  If the resolution of the objection requires changes which have an adverse impact on any other creditor under the plan (including a reduction in the amount to any creditor and/or a delay in payment), the changes must be noticed to creditors and an opportunity for objection provided.  To date Trustee has noted that the following creditors have filed objections to the Chapter 13 Plan: **NONE**.

14. <u>Submission of Proposed SOC</u>. If Debtors propose to confirm the plan through a stipulated order on confirmation, a Notice of Submitting Proposed SOC should be filed with the Court, including a complete copy of the Proposed SOC as an exhibit. Counsel should also submit a cover letter checklist that goes through every paragraph of this evaluation/objection and details how the issue has been resolved.

The Notice, SOC, Cover Letter Checklist, and filing receipt may then be uploaded via bkdocs.us. Trustee will not review a proposed SOC if it does not appear on the court's docket. [1] Trustee considers the time for reviewing a proposed Order pursuant to LRBP Rule 2084-13(e), to begin running when all Recommendation conditions are met.

RESPECTFULLY SUBMITTED this 25th day of August 2022.

OFFICE OF THE CHAPTER 13 TRUSTEE
31 North 6th Avenue #105-152
Tucson, AZ 85701

By /s/ _Craig Morris_ ASB# 011628
Craig Morris
Staff Attorney for the Chapter 13 Trustee

A copy of the foregoing was filed with the court and a copy, was transmitted via electronic or first class mail this 8/25/2022 to:

JANICE LYNN DE LA VINA
4401 E PATRICIA ST
TUCSON, AZ 85712-1612
Email: jandelavina@gmail.com
Debtor

MATTHEW THOMAS FOLEY
LAW OFFICES OF MATTHEW FOLEY PLC
4400 E BROADWAY BLVD
STE 811
TUCSON, AZ 85711
Email: matt@tuclaw.com
Email: jennifer@tuclaw.com
Attorney for Debtor

By: AVR

_____
[1]      **The alternative to stipulated confirmation is setting a contested confirmation hearing before the judge**.